PABLO RIPOLL COLOM, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 805.   Argued April 1, 1930.—Decided April 9, 1930.

*Fernando Zapater*, for appellant.   The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Castañer & Joy, a partnership the precise character of which does not appear from the record, owned several pieces of rural property in the Municipal District of Yauco, one of them with a stated area of 106 acres, another of 36 acres, another of 17 acres, another of 30 acres, and still another of 40 acres. They formed a continuous body of land or single tract, which, when surveyed, was shown to actually contain 258.70 acres. In a deed executed in Aguadilla on January 10, 1930, before notary Arturo Richard del Valle, by the partnership Castañer & Joy, represented by Pedro Pons Arbona, in favor of Pablo Ripoll Colom, the said parcels were described, mention was made of the fact that they constituted a single tract and of the survey made, and it was recited that, between the given area of the said parcels and the area resulting from that survey, there was a difference of less than 20 per cent—which is evident, since the

first total amounts to 229 acres and the second to 258.70. A consolidation was made for the purpose of forming a single tract of 258.70 acres, which was duly described and conveyed in the deed to Pablo Ripoll Colom.

On presentation for record in the registry of property of a first copy of the above deed, the registrar entered the following decision:

"Record is made of the above document, which is a copy of deed No. 3 executed in Aguadilla on January 10, 1930, before notary Arturo Richard del Valle, other supplementary documents having been submitted, as to the consolidation and sale set forth in the said deed in favor of Pablo Ripoll Colom, at folio 25 of vol. 72 of Yauco, property No. 3214; first record. The record is authorized only as to 229 acres, which is the total area of the consolidated property, and the record is refused as to the excess or difference between the above area and the 258.70 acres given in the description of the consolidated property and shown by a survey to be its actual area, since such an excess does not appear recorded in the name of the partnership executing the deed or in that of any other person, and large excesses of area are not recordable, only small excesses up to 20 per cent of the area having been allowed to be recorded both from custom and under the decisions. Otherwise, unrecorded parcels might be consolidated with parcels already recorded, which would constitute a clear violation of the letter and spirit of the Mortgage Law. If the difference resulting from the survey is substantially large, recourse should be had to the supplementary remedies authorized by the Mortgage Law itself. A cautionary notice has been entered for one hundred and twenty days in favor of the purchaser referred to in the said record."

The present appeal has been taken from that decision.

The appellant is right. The limit of the difference permitted is 20 per cent, and such limit is not reached in the case at bar. The argument advanced by the registrar is not convincing. He maintains that discrepancies in area may be disregarded in small, but not in large tracts. This is not so, nor does the rule establish any discrimination. The decisions of the Division of Registries of Spain cited by the appellant are clear and refer to the differences between

the area appearing of record and that appearing from the deeds (decisions of July 8, 1878, November 9, 1877, and March 8, 1898). The latter decision (Alcubilla, Appendix for 1898) declared as unrecordable an excess larger than one-fifth of the area appearing of record as regards one of the parcels, and allowed the record of a difference below one-fifth as to another parcel. And in a decision of the same Division of Registries dated March 20, 1901, that doctrine was confirmed and applied.

The question of a lack of title as regards the excess is not involved in the present case. The existing difference can be logically and properly explained; and in such a case the tendency should be towards just liberality rather than arbitrary restriction.

For the foregoing reasons the decision appealed from must be reversed.